# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| (3) ANGELA VANCE CAVER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentencing Memorandum [Doc. 724].

The Defendant moves the Court for leave to file a Sentencing Memorandum [Doc. 723] and exhibits thereto [Docs. 723-1, 723-2], under seal in this case. [Doc. 724]. For grounds, counsel states that the memorandum and exhibits thereto contain various references to information provided by the Government in discovery for which disclosure is restricted by statute and the local rules. [Id.]. Counsel also states that the memorandum and exhibits thereto contain personal information that could potentially impact the Defendant's privacy and safety. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable

opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed her motion on November 10, 2022, and such motion has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing her motion, the Defendant also filed a redacted version of the memorandum and exhibits thereto that are accessible to the public. [See Docs. 724-1, 724-2, 724-3]. Further, the Defendant has demonstrated that the memorandum and exhibits thereto contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interests in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Memorandum and exhibits thereto is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.

2

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentencing Memorandum [Doc. 724] is **GRANTED**, and the Sentencing Memorandum [Doc. 723] and exhibits thereto [Docs. 723-1, 723-2] shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: November 16, 2022

Martin Reidinger
Chief United States District Judge