**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-3**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **ANGELA VANCE CARVER,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 837].

## I.    BACKGROUND

The Defendant Angela Vance Carver pled guilty to one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  [Docs. 493, 495].   A Presentence Report (PSR) was prepared in advance of sentencing.  The Defendant was assessed one (1) criminal history point for a prior conviction in the State of Oregon for possession of methamphetamine.  [Doc. 615: PSR at ¶ 107].  She was assessed two (2) additional criminal history points because the instant offense was committed while she was under a criminal justice sentence for that Oregon conviction.

[Id. at ¶ 109].  Thus, the Defendant's criminal history score was calculated as three (3), which established a criminal history category (CHC) of II.  [Id. at ¶ 110].  That CHC, when combined with a total offense level of 29, resulted in an advisory guideline range of 97 to 121 months.  [Id. at ¶ 142].

At sentencing on November 17, 2022, the Court found that the Defendant met the criteria set forth in the statutory safety valve, 18 U.S.C. § 3553(f)(1)-(5), even though the Guidelines Manual had not yet been amended to include this provision.  The parties agreed that the Defendant met this criteria.  Accordingly, the Court reduced the Defendant's offense level by an additional two levels, resulting in a total offense level of 27, which when combined with a CHC of II, resulted in a guideline range of 78 to 97 months.  Defense counsel argued for a variance equivalent to two additional offense levels.  After considering the arguments of counsel, the Court granted an additional variance, the equivalent of one offense level, in light of the Defendant's history of being the victim of domestic abuse, including domestic abuse that led to her participation in the subject conspiracy. Accordingly, the Court sentenced the Defendant to a term of 70 months' imprisonment.  [Doc. 727].

The Defendant now moves for a reduction of her sentence pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 837].

## II. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 now provides for the addition of only one criminal history point and applies only to defendants with seven or more criminal history points who committed the offense of conviction while under a criminal justice sentence. U.S.S.G. § 4A1.1(e) (2023).

Here, the Defendant had only one (1) criminal history point. Two status points were added pursuant to § 4A1.1(d) because she committed the offense of conviction while under a criminal justice sentence, resulting in a total criminal history score of three (3) and a CHC of II. The 2023 revision to § 4A1.1 would result in no status points being added, resulting in a criminal history score of one (1) and a CHC of I. This would result in a revised

3

guideline range of 70-87 months. However, pursuant to U.S.S.G. § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the amended guideline range." The Defendant received a variant sentence of 70 months, which is the low end of the amended guideline range. Because the Court cannot reduce the Defendant's term of imprisonment beyond the amended guideline range, the Defendant is not eligible for relief under Part A of Amendment 821.

For all of these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 837] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge